Our next case is Dojaquez v. McDonough 23-1045. Mr. Carpenter. May it please the court. Kenneth Carpenter appearing on behalf of Mr. Kenneth Dojaquez. The matter at issue in this appeal presents a question of statutory interpretation of the provisions of 38 U.S.C. 5904 D which pertains to the calculation of the amount of attorney fees based upon a final decision by the VA. The Veterans Court decision did not reach this question and therefore this court has the option of either addressing this matter in the first instance under its precedent on Linville since it was presented below or to remand the matter back for the Veterans Court to address the issue in the term past due benefits means, right? In the context of a final decision and the final decision in this case was made but not published, not made final until such time as the Veteran was placed on notice and it was that delay of one month that is the difference in the make any difference to the definition of what is past due and what is future benefits owed? Mr. Carpenter. Because even though there was a decision written, that decision was not final and could not be final until it was published, until the Veteran received notice and Mr. Dojaquez received notice. Kenneth Carpenter. Why? Mr. Carpenter. Why? Because it's a final decision from, who made this decision? Was it the board or the RO? Kenneth Carpenter. Oh, the RO. The RO. And that's all. Mr. Laird. Why is it not final? If the RO makes it and you're not going to challenge it, it's a final decision. Kenneth Carpenter. Well, but we are challenging it, Your Honor. Mr. Laird. No, you're not, that's not, not in the way, you're not challenging, you're challenging, sorry, I'm not talking about the attorney's fees here. I'm talking, of course you're challenging the attorney's fees. Kenneth Carpenter. Oh, yes. You ruled in the Veteran's favor on the underlying benefits claim. Was it the RO or the board? It doesn't really matter, I just want to be accurate. Let's just assume it was the RO. The RO made a decision. Mr. Laird. I'm pretty sure it was the RO. Kenneth Carpenter. And said, well, whatever we did before was wrong, your effective date is actually this rather than what you had. And so you get past due benefits that were owed because of the extension of that date, right? Mr. Laird. Yes, Your Honor. That's the way it works. And, you know, all the thousands of VA cases you've handled, many of them successfully, they issue a decision and say, the VA screwed up. Actually, this is the effective date. So we're going to give you an award of past due benefits, and then going forward, you're going to get a change in your rate. You're going to get more. Kenneth Carpenter. Well, actually, this was an increased claim and not been... Mr. Laird. Right, but it doesn't really matter the details, right? It's their issuing, well, you can dispute that, but let's just assume it doesn't. They're going to, they're saying, so this was an increase, but it still has an effective date before the actual decision. And so the veteran gets cut a check for that period that he should have been getting, or she should have been, I forget. Mr. Laird. Yes, this is a he. Kenneth Carpenter. This is a he. That he should have been getting those benefits because he was entitled under the statute to a higher rating. And then going forward, he will continue to get those benefits. Mr. Laird. Correct. Kenneth Carpenter. And so there's past due benefits, and there's, I don't know what we call them, present benefits, future benefits. Mr. Laird. Future benefits. Kenneth Carpenter. Future benefits. And so all we have to determine is what constitutes past due benefits. Why would the date of receipt of the decision make any difference to what's due in the past? They're making a decision saying, as of X date, the effective date of this decision, you should have had an increase all the way back to this date. So anything in that period is past, and anything forward is future. Mr. Laird. Because, Your Honor, the disposition of the merits of the entitlement to an increase was what was in that decision. That decision was then implemented with the notice that included the calculation of the amount of benefits that was past due. And that... Kenneth Carpenter. But I don't understand why any of this matters. Where in the statute, or anything that suggests that it actually has to be implemented, you're essentially saying, until you cut, issue a decision that calculates it, it's all past due benefits. Mr. Laird. Well, how are the parties, how does the parties, how does the Secretary know how to implement 5904 to calculate past due benefits until there is a calculation? And it is the calculation of that benefits which was in the notice. Kenneth Carpenter. You're confusing the calculation with the effective date. It's very easy. They do what they've been doing, I think, all along, which is look at the effective date of the decision that changed what is owed to the veteran. And anything before that effective date is past due benefits. And so when they do the calculation, they'll look at that as past due benefits. They'll give you or your colleague the 20% they're entitled to under their fees. Anything else is future benefits. If that calculation happens a month from now, six months from now, two years from now, hopefully the veterans, DBA doesn't take that long to do it. It's still past due,  but with all due respect, past due refers to the difference between the date of entitlement and the date of receipt. And the receipt cannot be obtained until there is a notice that makes the calculation of what the new amount of benefits is. And the first time that either Mr. Slaughter or Mr. DeHakis were aware of when... I just don't understand how the date of receipt of the decision by the veteran for his counsel affects the definition of what past due is. How does receipt of that decision affect what's past due? Because that's the only time that there is any final decision by the secretary on what the amount is that is past due. Prior to the publication of that notice, there is no document in the file that says this is the dollar amount of those past due benefits. Why does it have to actually show the dollar amount rather than just what's past due? Once the VA issues that first decision on entitlement, past due is just a calculation, right? There's no discretion here. It's as of this date, you should have gotten this rate. The difference in past due is what you got for this period versus what you were entitled to. And I have no dispute with that, Your Honor. I am in complete agreement. Where I am in disagreement is that the secretary by regulation says that the amount of past due paid is a single, non-recurring payment. And the calculation of that single, non-recurring payment has to be based upon an objective statement from the secretary as to what that amount is. The first time that that is disclosed to the universe, but in particular to Mr. Slaughter and Mr. DeHakis, for the purposes of determining what the 20% will be of, is when that notice is published. Prior to that time, there is no calculation that is in the public domain and puts the parties on notice. It's simply a matter of whether or not Congress intended that that calculation be made as the triggering event, if you will, for the actual determination of 20% of what past due is. Good morning, Your Honors, and may it please the Court. The issue, as the Court has identified it, is what constitutes past due benefits awarded. And the end date, as this Court has held in Snyder, is the date of award. Here, that was in March of 2019, when the RO implemented the Board's decision awarding Mr. Slaughter, the veteran, an increased rating of 40%. Does the claimant get the benefits on the date of notice, or when do those benefits actually get received? Sure. So the claimant here, Mr. Slaughter, had been receiving benefits and continues to receive benefits. He gets an increased amount of the benefits going forward. We call them recurring benefits rather than future benefits. And then he gets checked for past due benefits. He gets it at some point after the calculation has been made. Here, it was on April 26, 2019. I'm not sure if it was done by check or if it was some sort of direct deposit, but at some point after he gets that lump sum. But for purposes of the calculation... We're just talking about where to pinpoint the date for what's past and what's recurring, right? That's correct, yes. And you think we've already decided this in Snyder? Yes. That the award is the date for past due benefits? Yes, Your Honor. Because the award says we're increasing your entitlement as of X date. And your effective date for that goes back some period. Sometimes the effective date will be the date of the award, right? Depending on what kind of claim it is. Sometimes based upon statute or when you submitted the claim or the evidence, it can be earlier. And that's what happened here. That's correct. You had an award date and said it's increased by this much. And the effective date is some months earlier. Some years earlier in this case. Some years, okay. Yes. Here in Mr. Slaughter was initially receiving a 10% disability rating for this right ulnar nerve entrapment. He, in 2012, said he filed a notice of disagreement and it took its time going through. And in 2018, in December of 2018, the board said you should have received a 40% rating going back to 2012. In March of 2019, the RO implemented that board decision and said we are giving you an increased rating starting in August of 2012 going forward. And the only reason that this pinpoint, as you said, Judge Hughes, matters is for calculating the attorney's fees because the attorney's fees can only be made out of the past due benefits. They can't be made out of recurring. Do you have any, I mean, support beyond the case you decided that the date of award, not the date of calculation, is the dividing line for what's past due and what's recurring? I think Snyder is the most relevant case on point. There's been cases from the Veterans Court. There's also Jackson, which is a non-presidential decision from this court. Also, the regulation that the VA passed at 38 CFR 14.636 supports the Secretary's reading as well. And just the date of the statutory language itself, the past due benefits awarded. I think Mr. Hawquist's argument is akin to saying that this court's decisions aren't considered final until they're published in the federal reporter. And that's not a reasonable interpretation of the statutory language. If this court has no further questions, we respectfully request that you refer. Mr. Carpenter, do you have a response to Snyder? I mean, I'm sure you do. It says, we hold that the total amount of any past due benefits is the sum of each month's unpaid compensation beginning on the effective date and continuing through the date of the award. Yes. Do you think that the award is the calculation decision or the initial award? It has to be the calculation decision, Your Honor, because the rating decision that grants, or in this case, the board decision that found, and then the VA decision that implemented that board decision, simply said he was entitled to a rating of 40% as opposed to the previous rating. Until such time as, administratively, the secretary makes that calculation and puts it into the notice, there is no award of past due benefits. The award of past due benefits occurs at the time in which there is a final decision on what the amount of past due benefits is, because that's what's calculated as the basis for the attorney fee under 5904. Doesn't Snyder say, at least on page 1219, that the award is clearly unambiguous in the prevalence of veterans' benefits and means the amount stated as the award for success in pursuit of a claim for benefits? That, to me, seems contrary to what you were just arguing. It is only if you assume that the date of the award, as referred to in Snyder, refers to a rating decision. It doesn't actually say that. The date of the award is when the secretary tells the veteran how much that award is in real money, an actual increase in the difference between what he was previously being paid and what he's being paid after the finding of entitlement to additional compensation. In other words, there's no discussion of money at any time in the adjudicatory process. The adjudicatory process is only about the entitlement to or the right to that higher level of rating. It is only in the notice when the public, Mr. Snyder. That final award of past due benefits amounted to, and it is the amount of that total, and the reference in 5904, is to the total award of past due benefits. That total award of past due benefits is not measurable until the date of the notice. Unless there's further questions from the panel, I thank the panel for its attention. Thank you, Mr. Conger.